# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NDOKEY ENOW, #435845, #1990859 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PWG-17-50 |
| JOHN WOLFE, WARDEN and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

In this Petition for Writ of Habeas Corpus, Ndokey Enow challenges his 2015 guilty plea and conviction for solicitation to commit first degree murder.[1] ECF No. 1; *see* State Ct. Docket, *State v. Enow*, Case No. 125462C (Cir. Ct. Montgomery Cnty.), ECF No. 8-1. Enow raises the following claims in the Petition: (1) the indictment was based on "false evidence" and unlawful

---

[1] Petitioner Ndokey Enow, who refers to himself in his court filings as "Dr." and "D.Sc./Ph.D.," and evidently has a doctorate from Capitol College, has filed serial (unsuccessful) actions in this Court relating to his conditions of confinement awaiting trial at Montgomery County Correctional Facility ("MCCF"), and (following his conviction for solicitation to commit first degree murder) while confined by the State of Maryland. Enow is presently incarcerated at Eastern Correctional Institution ("ECI") in Westover, Maryland. His multiple case filings, which impose a significant burden on both the Clerk's office and the Court, have earned him three strikes under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Consequently, he is barred from filing civil actions unless he pays the filing fee or demonstrates that he is in imminent danger of serious physical injury. *See Enow v. Feinstein, et al.,* No. PWG-15-3348 (assigning Enow a third "strike" under 28 U.S.C. § 1915(g)). Undeterred by the application of the PLRA, he since has filed seven civil lawsuits, and only a small subset of the claims he has alleged have been found sufficient to proceed under the standard set forth under § 1915(g). *See Enow v. Baucom, et al.*, No. PWG-16-3553 (D. Md); *Enow v. Green, et al.,* No. PWG-16-3554 (D. Md.); *Enow v. Green, et al.*, No. PWG-17-3917 (D. Md.); *Enow v. Dovey, et al.,* No. PWG-16-615 (D. Md.); *Enow v. Baucom, et al.,* No. PWG-16-4042 (D. Md.); *Enow v. Wolfe, et al.*, No. PWG-17-341 (D. Md.); *Enow v. Foxwell*, No. PWG-17-850 (D. Md.). This habeas petition falls outside the auspices of § 1915(g).
  Enow previously filed a habeas petition, which was dismissed without prejudice for lack of exhaustion. *Enow v. Green*, Civil Action No. PWG-16-848. The pending petition is a renewal of that previous petition, brought on the basis that he now has exhausted his claims.

wiretapping; (2) his guilty plea was not entered voluntarily and knowingly, (3) he was provided ineffective assistance of counsel; and (4) his sentence violates the Eighth Amendment. Pet. 5–6.

On March 25, 2017, Respondents filed a Limited Answer seeking dismissal of Enow's Petition for Writ of Habeas Corpus for lack of exhaustion. ECF No. 8. On March 22, 2017 and April 3, 2017, Enow filed Traverses to the Answer. ECF Nos. 9, 11, 12. On April 17, 2017, Enow filed a motion asking the court to review supplemental evidence in support of his Traverses, and he filed a supplement to that motion. ECF Nos. 13, 14. The matter is briefed and ready for adjudication. A hearing is not necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).

## **EXHAUSTION**

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Failure to exhaust a claim requires dismissal by the federal court. *See* 28 U.S.C. § 2254(b)(1)(A); *Granberry v. Greer,* 481 U.S. 129, 134 (1987); *Rose v. Lundy,* 455 U.S. 509, 515-19 (1982).

The exhaustion requirement is satisfied when (1) a petitioner has fairly presented *all* claims in state court, or (2) if no state remedies are currently available to the petitioner. *See Gray v. Netherland,* 518 U.S. 152, 161 (1996). Fair presentation requires the petitioner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," through either direct or collateral review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844–45 (1999). Both the operative facts

and the controlling legal principles must be presented to the state court. *Picard v. Connor,* 404 U.S. 270, 277 (1971).

If an appeal of right is not permitted, as in cases like this one where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Cts. & Jud. Proc. § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Cts. & Jud. Proc. § 12-202.

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams,* 438 A.2d at 1305.

## **DISCUSSION**

Enow filed an Application for Leave to Appeal his guilty plea, raising "illegal wiretapping, ineffective assistance of counsel, illegal sentence, and a guilty plea that was unknowing, involuntary, and unintelligent." Traverse 2, ECF No. 9.[2] The Court of Special Appeals of Maryland denied his Application by unreported opinion filed on August 12, 2015.[3]

---

[2] In his previous habeas petition as well as the pending Petition itself, he stated that his direct appeal was based on ineffective assistance of counsel. *See* Pet. 2; Aug. 9, 2016 Order, ECF No. 13 in PWG-16-848. It was not until he filed his Traverses in this case that he asserted that he raised additional grounds on direct appeal.

[3] Enow filed an Application for Leave to Appeal on March 23, 2015 and amended it on March 30, 2015, May 19, 2015, and July 28, 2015. State Ct. Docket Entry Nos. 53, 55, 61, 75. The Court of Special Appeals denied his application on August 12, 2015. *Id.* at Entry No. 87. Then,

3

Typically, such a denial would exhaust all claims presented to the Court of Special Appeals. *See* Cts. & Jud. Proc. § 12-202. But, "it has long been the rule in Maryland that, except in extraordinary circumstances, claims of ineffective assistance of counsel are not cognizable on direct appeal" and "are generally cognizable only in state post conviction proceedings." *Anthony v. Schuppel*, 86 F. Supp. 2d 531, 536 (D. Md. 2000) (citing, e.g., *State v. Zimmerman*, 273 A.2d 156, 163 (Md. 1971)). And, given that Enow pleaded guilty, it is questionable whether any claim other than his challenge to the voluntariness of his guilty plea was "fairly presented" on direct appeal. *See O'Sullivan v,* 526 U.S. at 844–45. Thus, he did not exhaust all of his claims on direct appeal.

I note that Enow also initiated state post-conviction proceedings, raising "[j]urisdictional defects such as ineffective assistance of counsel, failure of the indictment, conviction on an indictment that the prosecutor knew was only supported by false evidence, guilty plea entered involuntarily, unknowingly, and unintelligently, illegal sentence, lack of jurisdiction, duress, coercion, etc." Pet. 3–4. The Circuit Court for Montgomery County held a hearing on the Petition for Post-Conviction Relief on October 19, 2016. State Ct. Docket Entry No. 134. On December 28, 2016, the Circuit Court denied post-conviction relief. *Id*. at Entry No. 141. On January 13, 2017, Enow filed an Application for Leave to Appeal the denial of his Petition for Post-Conviction Relief in the Court of Special Appeals, which remains pending. *See* State Ct. Docket. Consequently, while he gave "the state courts one full opportunity to resolve [at least one of his claims] by invoking one complete round of the State's established appellate review

---

on December 24, 2015, the Court of Special Appeals "ORDERED THAT THE APPLICATION FOR LEAVE TO APPEAL BE AND HEREBY IS DISMISSED, PURSUANT TO MD. RULE 8-602 (A) (L), AS NOT ALLOWED BYLAW [sic], AS IT IS A PREMATURE APPEAL." *Id.* at Entry No. 108. *See also* Pet'r's Mot. 2–3 (Mandates from Court of Special Appeals).

process," through direct review, *see O'Sullivan,* 526 U.S. at 844–45, his collateral attack remains pending.

The basis for the "rigorously enforced total exhaustion rule" is comity, which "'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'" *See Rose v. Lundy*, 455 U.S. 509, 515 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)). "[I]t is a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice in the state courts only 'in rare cases where exceptional circumstances of peculiar urgency are shown to exist.'" *Id.* at 515–16 (quoting *Ex parte Hawk*, 321 U.S. 114, 117 (1944)). Indeed, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Id.* at 518 (quoting *Darr*, 339 U.S. at 204). Thus, even though Enow saw at least one claim through the appellate process on direct review, it would countermand the principles of comity underlying the exhaustion requirement to review his federal habeas petition while his collateral proceedings remain pending. *See id.* at 515–18.

In any event, Enow did not exhaust all of his claims on direct appeal, and "a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Accordingly, I will dismiss his petition without prejudice for lack of exhaustion. He may refile his federal petition for habeas corpus relief after he exhausts these claims before the state courts. I note that the pendency of the post-conviction proceedings tolls the statute of limitations for his federal

habeas petition. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [the one-year] period of limitation . . . ."); *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002) (stating that the federal limitations period is tolled "as long as the ordinary state collateral review process is 'in continuance,' i.e., 'until completion of that process'"); *see also Palmer v. Corcoran*, 194 F.3d 1305 (4th Cir. 1999) (unpublished) (noting Maryland inmate's petition for post-conviction relief properly tolled the limitations period).

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Because Enow has not made a substantial showing of the denial of his constitutional rights, I find no cause to issue a Certificate of Appealability.

## **CONCLUSION**

For these reasons, I shall dismiss the Petition without prejudice for lack of exhaustion and decline to issue a Certificate of Appealability. A separate Order follows.

April 25, 2017 _____/S/_____
Date Paul W. Grimm
United States District Judge